IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Saria Walker, | ) | C/A No. 6:22-cv-02946-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Federal Government, | ) | |
| House of Raeford Farm, Inc., Prisma | ) | |
| Health, Saint Frances Downtown, Saint | ) | |
| Frances Eastside, The Carolina Center | ) | |
| for Behavioral Health, South Carolina | ) | |
| Department of Social Services, Greer | ) | |
| Police Department, Greenville Police | ) | |
| Department, Greenville County Court of | ) | |
| Common Pleas, GreenLink, Greenville | ) | |
| Library System, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a *pro se* and *in forma pauperis* non-prisoner plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on September 1, 2022 (doc. 1). Upon review of the plaintiff's complaint, the undersigned recommends it be dismissed.

## LITIGATION HISTORY & ALLEGATIONS

Of note, it appears that this action arises out of the plaintiff's dissatisfaction with proceedings in the Greenville County General Sessions Court as well as the Greenville County Court of Common Pleas. *See* Greenville County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's

name and 2022A2330206521, 2022A2330206522, 2022A2330206523, 2022A2330206524, 2022A230206525, 2022A2330206556, 2022CP2302716, 2022CP2302309, 2022CP2303590, 2022CP2303591, 2022CP2303710, 2022CP2304097, 2022NI2300015) (last visited September 20, 2022).  The plaintiff has six pending criminal charges:  four for resisting arrest, one for unlawful neglect of a child, and one for public disorderly conduct. *See* Greenville County Public Index (enter the plaintiff's name and 2022A2330206521, 2022A2330206522, 2022A2330206523, 2022A2330206524, 2022A330206525, 2022A2330206556) (last visited September 20, 2022).

The plaintiff has also filed various civil complaints in state court that have been dismissed.  The plaintiff attempted to file a medical malpractice action against Carolina Center for Behavioral Health and R. Castriotta, but the action was dismissed.  *See* Greenville County Public Index (enter the plaintiff's name and 2022NI2300015) (last visited September 20, 2022).  The plaintiff also has a pending case against the same defendants for false imprisonment, shame/humiliation, inflicting emotional distress, waiving right to due process, engaging in a relationship with a patient, and abuse of power and authority.  *See* Greenville County Public Index (enter the plaintiff's name and 2022CP2302309 (last visited September 20, 2022).

The plaintiff also filed four actions against groups of the defendants named in this matter that were dismissed after her motion to proceed *in forma pauperis* was denied for failure to comply with Rule 8 of the South Carolina Rules of Civil Procedure.  *See* Greenville County Public Index (enter the plaintiff's name and 2022CP2303710, 2022CP2303590, 2022CP2303591, 2022CP2302716) (last visited September 20, 2022). The plaintiff also appears to have filed an action duplicate to the instant matter in the Greenville County Court of Common Pleas, but voluntarily dismissed it to file it in this court after her request to proceed *in forma pauperis* was denied.  *See* Greenville County Public Index (enter the plaintiff's name and 2022CP2304097) (last visited September 20, 2022).

Here, the plaintiff alleges both federal question and diversity jurisdiction based upon the United States violating the Constitution and forfeiting immunity (doc. 1 at 4).  The plaintiff contends that she has endured indentured servanthood and slavery even though they were abolished under the Thirteenth Amendment (*id*.).  With respect to the amount in controversy, the plaintiff contends violation of constitutional rights as her damages (*id*. at 6).  The plaintiff alleges violations of various federal statutes based upon conflict of interest, judicial corruption, and abuse of power and authority (*id*.).  The plaintiff further alleges false imprisonment, shame, a waiver of rights to due process, infliction of emotional distress, perjury, intimidation, harassment, perversion of the course of justice, retaliation, conflict of interest, violations of the Thirteenth and Fourteenth Amendments, retaliation of a child, and racial discrimination (*id*. at 7).  It is unclear what relief the plaintiff seeks (*id*.).

### APPLICABLE LAW & ANALYSIS

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As an initial matter, to the extent the plaintiff's complaint can be construed as asserting claims on behalf of other American citizens, she may not do so in this action because a *pro se* party may not file or maintain a lawsuit on behalf of others.  *See Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (noting that although an

individual has the right to represent himself/herself by statute—28 U.S.C. § 1654—that right does not "create a coordinate right to litigate for others"). As such, the claims in this action are considered only with respect to the plaintiff.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There are two types of federal jurisdiction: federal question jurisdiction and subject matter jurisdiction. Federal question jurisdiction arises when the case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, is conferred upon the Court when a suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Here, the plaintiff alleges both federal question and diversity jurisdiction based upon the United States violating the constitution and forfeiting immunity (doc. 1 at 4).

With respect to diversity jurisdiction, the plaintiff's allegations are insufficient to confer diversity jurisdiction in this matter. As briefly noted above, diversity jurisdiction is conferred upon the Court when a suit is between citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "With the exception of certain

4

class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (footnote omitted).  Citizenship for purposes of diversity jurisdiction "depends on the citizenship of the parties at the time suit is filed."  *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).  An individual is a citizen of the state in which he or she is domiciled. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  A corporation, for jurisdiction purposes, is a citizen of the state(s) in which it has been incorporated as well as the state(s) where it has its principal place of business.  *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 535 F.3d 101, 102 (4th Cir. 2011).[1]  Here, the plaintiff is a resident of South Carolina (doc. 1 at 3).  As such, if any of the defendants are considered citizens of South Carolina, diversity jurisdiction cannot form a basis for her claims in this action.  Here, two of the defendants are corporations whose state of incorporation is South Carolina, including Prisma Health and The Carolina Center for Behavioral Health (entity name Carolina Behavioral Care, LLC).  *See* S.C. Secretary of State Business Entities Online, https://businessfilings.sc.gov/businessfiling (click search existing entities and enter the above names) (last visited September 20, 2022).  As such, because these parties are not diverse in citizenship to the plaintiff, this action cannot proceed based upon diversity jurisdiction.  *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) (noting that citizenship for diversity jurisdiction "depends on the citizenship of the parties at the time suit is filed").

The plaintiff also asserts federal question jurisdiction, based upon violations of the following federal statutes:  18 U.S.C. §§ 242, 1505; 42 U.S.C. §§ 1983, 1985, 1986

---

[1] The plaintiff also names several state agencies as defendants, but their citizenship is ignored for diversity jurisdiction purposes.  *See S.C. Dep't of Disabilities and Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 302 (4th Cir. 2008).

(*see* doc. 1).  However, as outlined in more detail below, her claims are subject to summary dismissal.

### *Younger* Abstention

To the extent the plaintiff's allegations can be construed as seeking federal court interference with her pending state criminal charges, the plaintiff is requesting that this court interfere with or enjoin pending state criminal prosecution against her (*see generally* doc. 1).  As noted above, the plaintiff has six pending charges in the Greenville General Sessions Court.  *See* Greenville County Public Index (enter the plaintiff's name and 2022A2330206521,   2022A2330206522,   2022A2330206523,   2022A2330206524, 2022A330206525, 2022A2330206556) (last visited September 20, 2022).  Because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this court should abstain from interfering with them.  In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–45; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).   From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate:   "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, the first criterion is met, as the plaintiff is involved in ongoing state criminal proceedings. As for the second criterion, the Supreme Court has stated that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, the plaintiff has the opportunity to argue that her charges were inappropriate and should be dismissed in the Greenville County General Sessions proceedings. Indeed, the plaintiff's vague and nonsensical allegations fail to make a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Therefore, to the extent the plaintiff seeks an order from this court enjoining her pending criminal prosecutions in the Greenville County General Sessions Court, this court should abstain from hearing this action.

**18 U.S.C. §§ 242, 1505 Claims**

To the extent the plaintiff purports to bring claims pursuant to 18 U.S.C. §§ 242 and 1505, her claims are subject to summary dismissal. These two statutes are criminal statutes that do not create a private right of action. *See Pinckney v. U.S. Government*, C/A No. 2:19-cv-00939-BHH-BM, 2019 WL 4171117, at *2 (D.S.C. June 20, 2019), *Report and Recommendation adopted by* 2019 WL 4168753 (D.S.C. Sept. 3, 2019). The plaintiff, as a private citizen, may not enforce federal criminal law. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). As such, any claims purported brought pursuant to these statutes are subject to summary dismissal.

**Section 1985 and Section 1986 Claims**

The plaintiff's claims asserting a conspiracy under 42 U.S.C. §§ 1985 or 1986 are also subject to summary dismissal.  First, the Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner," absent concrete supporting facts.  *See Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).  Further, the plaintiff's complaint does not allege under which subsection of § 1985 she seeks relief; however, her complaint fails to state a claim under all of the subsections.  For example, § 1985(1) governs conspiracies to prevent a federal officer from performing his or her duties, but the plaintiff has not alleged any facts about a federal officer despite suing the United States Federal Government ("the Federal Government") in this action.  Section 1985(2) involves conspiracies to interfere with court proceedings, but the plaintiff has not alleged a conspiracy by the defendants to intimidate a witness or juror in court proceedings.  Section 1985(3) applies to conspiracies to engage in "class-based" discrimination to "deprive the plaintiff of the equal enjoyment of rights secured by the law." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).  The plaintiff, however, has not alleged membership to a class contemplated by the statute – indeed, her conspiracy allegations appear to allege a personal animus by the defendants, not a class based one.  *See Batiste v. Fed. Bureau of Prisons*, C/A No. 5:13-cv-13565, 2013 WL 6589878, at *3 (S.D. W. Va. Dec. 16, 2013) (noting that a plaintiff in a § 1985 action must allege that the conspiracy to discriminate is based upon race, gender, or national origin). As such, the plaintiff has failed to allege a claim under § 1985.  Moreover, because a § 1986 claim is derivative of a § 1985 claim, the plaintiff's § 1986 claim is likewise subject to summary dismissal.  *See King v. PEM Props.*, C/A No. 2:16-cv-09876, 2019 WL 6210937, at *3 (S.D. W. Va. Sept. 17, 2019), *Report and Recommendation adopted by* 2019 WL 6194639 (S.D. W. Va. Nov. 20, 2019).

**Section 1983 Claims**

The plaintiff's § 1983 claims are likewise subject to summary dismissal.

***Not a State Actor***

Some of the defendants in this action – House of Raeford Farm, Inc.; Prisma Health; St. Francis Downtown; St. Frances Eastside; and The Carolina Center for Behavioral Health ("the Corporate Defendants") – are subject to summary dismissal because they were not acting under color of state law.  It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012).  However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999).  In distinguishing between state action and private action,

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted).  State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in

9

the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000). Here, the plaintiff's complaint, containing only vague and nonsensical allegations, "includes no facts that establish such a 'close nexus' between" the Corporate Defendants' challenged actions and the state such that their actions "may be 'fairly treated' as those of the state itself." *See Perry v. Chattem, Inc.*, C/A No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). Likewise, there is nothing to suggest that the Corporate Defendants are somehow state actors (*see* doc. 1). In light of the foregoing, the plaintiff's § 1983 claims against the Corporate Defendants should be dismissed because they are not state actors amenable to suit under 42 U.S.C. § 1983.

### Not a Person

Some of the defendants in this action – South Carolina Department of Social Services, Greer Police Department, Greenville Police Department, Greenville County Court of Common Pleas, Greenlimk, and the Greenville Library System ("the State Defendants") – are state actors; however, they are subject to summary dismissal because they are not "persons" for purposes of § 1983. It is well settled that only "persons" may act under color of state law; thus, a defendant in a § 1983 action must qualify as a "person." Inanimate objects or groups of people, such as departments, buildings, facilities, and grounds cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983."); *Rhodes v. Seventh Circuit Solicitors Ofc.*, C/A No. 9:09-cv-1863-JFA-BM, 2009 WL 2588487, at *3 (D.S.C. Aug. 19, 2009) (county public defender office and county solicitor office not persons

subject to suit under § 1983).  Here, the State Defendants are buildings, departments, inanimate objects, or facilities.  Thus, they are not persons subject to suit under 42 U.S.C. § 1983.  Accordingly, as the State Defendants are not "persons" under § 1983, the § 1983 claims against them should be dismissed.

### Municipal Liability

To the extent the plaintiff's complaint can be construed as asserting a claim for municipal liability, her claim fails (*see* doc. 1).  As an initial matter, municipalities and other local governing bodies are considered "persons" and may be sued under Section 1983.  *Monell v. Dept. of Soc. Servs*., 436 U.S. 658, 690–91 (1978).  However, here, the plaintiff has not sought relief against a municipality or other governing body.  As such, even construing her complaint as asserting a *Monell* claim, it fails because she has not named an appropriate defendant.

Further, even presuming the plaintiff had named a municipality or other governing body as a defendant in this action, her claim still fails because a county or city cannot be held liable pursuant to *respondeat superior* principles.  *Iqbal*, 556 U.S. at 676. "[N]ot every deprivation of a constitutional right will lead to municipal liability.  Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach."  *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citing *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).  As the Court of Appeals for the Fourth Circuit has stated:

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Id*. (quoting Carter, 164 F.3d at 217).  Additionally, under *Monell*, municipal liability arises "only where the constitutionally offensive actions of employees are taken in furtherance of

some municipal policy or custom." *Walker v. Prince George's Cnty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (internal quotation marks and citations omitted).  Here however, as outlined above, the plaintiff's vague and nonsensical allegations have failed to plausibly allege a constitutionally offensive action by the defendants.  *See Evans v. Chalmers*, 703 F.3d 636, 654–55 (4th Cir. 2012) (noting that when a plaintiff fails to state a § 1983 claim against individual officers, claims based upon supervisory and/or *Monell* liability also fail).  In light of the foregoing, even construing the plaintiff's complaint as raising a *Monell* claim and seeking relief against an applicable municipality or local governing body, the plaintiff's claim is subject to summary dismissal.

**United States Federal Government**

To the extent the plaintiff seeks damages against the Federal Government, her claims are subject to dismissal based upon sovereign immunity as well as because relief based upon *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999), must be sought against individual federal actors, not the government.  First, the Federal Government is entitled to sovereign immunity, meaning that it is immune from suit absent its consent.  *See Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). As such, this action against the Federal Government can only continue if sovereign immunity has been waived by the Federal Government; however, waiver of sovereign immunity "must be unequivocally expressed in statutory text," not implied.  *Id*.  Here, the plaintiff's vague allegations and referenced statutes do not include a waiver of sovereign immunity; thus, any claims against the Federal Government must be dismissed based upon sovereign immunity.

In addition to the foregoing, even if the Federal Government had waived sovereign immunity with respect to the plaintiff's claims, her claims would still fail.  Here, the plaintiff's assertions of violations of her constitutional rights by the Federal Government appears to assert a *Bivens* claim.  In *Bivens*, the Supreme Court established a direct cause

of action under the Constitution of the United States against federal officials for violations of federal constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under § 1983, however, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). To state a claim under *Bivens*, a plaintiff must plausibly allege two elements: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States and (2) the defendant did so under color of federal law. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (setting forth requirements for a § 1983 claim under color of state law); *see also Bivens*, 403 U.S. at 389 ("In [a previous case], we reserved the question whether violation of [the Constitution] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does."). However, it is well-settled that an action for damages under *Bivens* does not lie against the government – only individual federal individuals. *See Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (observing that "[a]ny remedy under *Bivens* is against federal officials individually, not the federal government"). As such, the Federal Government is entitled to summary dismissal.

**Frivolous**

In addition to the foregoing, the plaintiff's complaint is also subject to summary dismissal because it is frivolous. Although 28 U.S.C. § 1915 permits an indigent litigant to proceed *in forma pauperis*, the court is to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Here, the plaintiff's vague and nonsensical allegations, as outlined above, do not raise a cognizable

federal claim.  It is well-settled that the court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible").  In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).  The Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

        Here, even reviewing it in a light most favorable to the plaintiff, the plaintiff's complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief.  For example, the plaintiff's conclusory claims that the defendants have conspired with others to force her into slavery or indentured servitude, standing alone, are clearly delusional and frivolous, and they fail to show any arguable basis in fact or law.  *See Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *Report and Recommendation adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th

Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008).  As such, in light of the foregoing, the undersigned also recommends that this action be dismissed as frivolous.

**Supplemental Jurisdiction**

       To the extent the plaintiff seeks damages based upon state law claims for intentional infliction of emotions distress or the defendants' alleged violations of S.C. Code of Laws Sections 16-9-30 (regarding perjury); 44-22-30 (regarding right to counsel for involuntarily committed individuals); 44-22-60 (regarding the rights of mental health patients); and 44-2-70 (regarding procedures when involuntarily committed), the court should abstain from exercising jurisdiction over such claims.  As noted above, because the plaintiff cannot bring this action pursuant to diversity jurisdiction, her state law claims can only be considered by this court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal claims.  *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367.  However, federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction."  Here, as noted above, the plaintiff's federal claims are subject to dismissal for multiple reasons.  Thus, this court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367(c)(3).  *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

**<u>RECOMMENDATION</u>**

       The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending her complaint.  Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process.  *See Britt v. DeJoy*, --- F.4th ----, 2022 WL 3590436, at *5

15

(4th Cir. Aug. 17, 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").  It is further recommended that the United States District Judge assigned to this case warn the plaintiff regarding the entry of sanctions in the future should the plaintiff continue to file duplicative and frivolous litigation in this court.  **The attention of the parties is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

September 21, 2021
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).